UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAR TECHNOLOGY CORPORATION and
PARTECH, INC.,

    *Plaintiffs,*

against

THE TRAVELERS COMPANIES, INC., TRAVELERS
PROPERTY CASUALTY COMPANY OF AMERICA,
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, and THE TRAVELERS
INDEMNITY COMPANY,

    *Defendants.*

Oneida County Index No.
EFCA2022-001823

Civil Action No.
6:22-cv-1121 (GLS/ATB)

---

# NOTICE OF REMOVAL

Defendants The Travelers Companies, Inc., Travelers Property Casualty Company of America ("TPCCA"), The Travelers Indemnity Company of Connecticut (improperly sued as "Travelers Indemnity Company of Connecticut") ("TICC"), and Travelers Indemnity Company ("TIC") give notice under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446 of their removal of this action from the New York Supreme Court, Oneida County, to this Court. A copy of the state-court summons and complaint in this action is attached as **Exhibit A**.

In support of this notice, the defendants state:

### The Parties

1.    Plaintiff PAR Technology Corporation is a Delaware corporation with its principal place of business at PAR Technology Park, 8383 Seneca Turnpike, New Hartford, New York. (Ex. A, ¶ 5).

25372134.1

2. Plaintiff ParTech, Inc., is a wholly owned subsidiary of PAR Technology Corporation (Ex. "A", ¶ 5) and, upon information and belief, is also a Delaware corporation with its principal place of business in New Hartford, New York.

3. The Travelers Companies, Inc. is, and was at all relevant times, a Minnesota corporation with its principal executive offices in New York, New York. As discussed below and in the accompanying declaration of Wendy C. Skjerven, The Travelers Companies, Inc. is a holding company and the indirect corporate parent of TPCCA, TICC, and TIC. It is does not, however, underwrite, sell or provide insurance to other individuals or entities. It did not, therefore, issue any of the insurance policies alleged in the Complaint, and it did not handle or otherwise respond to the plaintiffs' claims for coverage under those policies.

4. Accordingly, the plaintiffs' joinder of the Travelers Companies, Inc. constitutes "fraudulent joinder" as that term is used in the caselaw of this Court. The Travelers Companies, Inc. should therefore be disregarded for purposes of determining this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1).

5. TPCCA is, and was at all relevant times, a Connecticut corporation with its principal place of business at 1 Tower Square, Hartford, Connecticut. TPCCA is an insurance company authorized to issue insurance policies in New York and issued the policies alleged in paragraph 13 of the Complaint. *See* Ex. A, ¶13.

6. TICC is, and was at all relevant times, a Connecticut corporation with its principal place of business at 1 Tower Square, Hartford, Connecticut. TICC is also an insurance company authorized to issue insurance policies in New York and issued the policies alleged in paragraph 14 of the Complaint. *Id*. ¶14.

7. TIC is, and was at all relevant times, a Connecticut corporation with its principal place of business located at 1 Tower Square, Hartford Connecticut. TIC is also an insurance company authorized to issue insurance policies in New York and issued the insurance policies alleged in paragraph 15 of the Complaint. *Id*. ¶15.

8. Except for The Travelers Companies, Inc., there is complete diversity of citizenship between the plaintiffs and defendants.

### The Nature of The Dispute

9. TPCCA issued Commercial General Liability ("CGL") policy no. H-630-3205P868-TIL-13, with a policy period of December 31, 2013 to December 21, 2014, and CGL policy no. H-630-3205P868-TIL-14, with a policy period of December 31, 2014 to December 31, 2015 to plaintiffs. (Ex. A, ¶13).

10. TCC issued CGL policy no. HEE-630-162D6603-TCT-15, with a policy period of December 31, 2015 to December 31, 2016, and CGL policy no. HEE-630-162D6603-TCT-16, with a policy period of December 31, 2016 to December 31, 2017 to plaintiffs. (Ex. A, ¶14).

11. TIC issued CGL policy no. HEE-630-162D6603-TCT-17, with a policy period of December 31, 2017 to December 31, 2018, and CGL policy no. HEK-630-162D6603-IND-18. (Ex. A, ¶15).

12. On or about March 21, 2019, Candice Neals filed a putative class-action complaint against the plaintiffs (the "Neals Action"). Afterwards, the plaintiffs allegedly provided notice under the policies discussed above. *See* Ex. A, ¶¶43, 44.

13. After its investigation of the matter, defendant TIC disclaimed coverage under CGL policy no. HEE-630-162D6603-TCT-17, with a policy period of December 31, 2017 to December 31, 2018. *See id*. ¶45.

### The State-Court Action

14. On or about August 22, 2022, the plaintiffs commenced the action entitled *PAR Technology et al. v. The Travelers Companies, Inc. et al.*, Index No. EFCA2022-001823, in New York Supreme Court, Oneida County (the "State-Court Action").[1] *See* Ex. A.

15. Seeking insurance coverage for the underlying Neals Action, the plaintiffs assert claims for breach of contract, declaratory judgment, and extra-contractual damages (*i.e.*, bad faith) and seek more than $1,265,000 in damages. *Id*. ¶¶53–70.

16. The defendants received a copy of the Summons and Complaint on September 30, 2022. Copies of the acknowledgments of service on TPCCA, TICC, and TIC, which were received in the New York Department of Financial Services are attached as **Exhibit B**.[2]

### Statutory Requirements for Removal

17. As noted above, the defendants remove the State-Court Action to this Court under 28 U.S.C. §§1332(a)(1), 1441(a) and 1446 and assert that subject-matter jurisdiction is proper under the diversity jurisdiction. Removal therefore requires that the amount in controversy exceed $75,000, exclusive of interests and costs, and that the citizenship of the parties be completely diverse. See 28 U.S.C. §1332(a).

*Amount in Controversy*

18. As mentioned above, the plaintiffs seek coverage for the Neals Action and more than $1,265,000 in damages. The amount in controversy therefore exceeds $75,000, exclusive of interests and costs. *Id*. §1332(a).

---

[1] The State Court Action is pending in this judicial district.

[2] The defendants note that while the plaintiffs have apparently served the insurer defendants—TPCCA, TICC, and TIC (*see* Ex. B)—we have no indication that the plaintiffs have served The Travelers Companies, Inc.

4

*Diversity of Citizenship & "Fraudulent Joinder" as to The Travelers Companies, Inc.*

19. As noted above, with the exception of The Travelers Companies, Inc., there is complete diversity of citizenship between the plaintiffs, citizens of New York, and the defendants, citizens of Connecticut, and this diversity existed when the plaintiffs commenced the State-Court Action.

20. Although the plaintiffs have joined The Travelers Companies, Inc. as a defendant in the State Court Action, joinder of this entity is "fraudulent" under federal law.

21. "A plaintiff may not defeat diversity jurisdiction and the defendant[s'] right to removal by merely joining as defendants parties with no real connection to the controversy." *Pampillonia v. RJR Nabisco Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). To show that naming a non-diverse defendant is a "fraudulent joinder" done to defeat diversity, the defendants must "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id*. at 461; *see Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) ("Joinder will be considered fraudulent when it is established that there can be no recovery. . . under the law of the state on the cause alleged.") (quotations omitted).

22. Here, there is no possibility, based on the pleadings, that the plaintiffs can state a cause of action against The Travelers Companies, Inc. in state court. Even though it is the indirect corporate parent of TPCCA, TICC, and TIC, the insurers involved in this action, the Travelers Companies, Inc. is a holding company. It does not underwrite, sell, or provide insurance to other

5

individuals or entities. Skjerven Decl. ¶¶3-4. Nor does it handle or otherwise respond to claims under any insurance policies. *Id.* ¶5.

23. The Travelers Companies, Inc. did not, therefore, issue any of the insurance policies alleged in the Complaint, assume any obligations under those policies, or handle any claims under those policies, including the plaintiffs' claims for coverage for the underlying Neals Action. *Id.* ¶6.

24. Simply put, The Travelers Companies has "no real connection to th[is] controversy." *Pampillonia*, 138 F.3d at 460-61. As a result, the plaintiffs cannot state a cause of action against The Travelers Companies, Inc. under state law. *See*, *e.g.*, *Carlson v. American Int'l Group, Inc.*, 130 A.D.3d 1479, 1480 (4th Dep't 2015) (dismissing insurance holding company from direct action seeking insurance coverage because company demonstrated that it was not an insurer), *modified on other grounds*, 30 N.Y.3d 288 (2017); *Corey v. HRH Constr., LLC*, 2010 N.Y. Misc. LEXIS 6206, at *12-*13 (Sup. Ct., N.Y. Co. Dec. 20, 2010) (same); *cf. Lang v. Hanover*, 3 N.Y.3d 350, 353 (2004) (explaining that, except in "direct action" under Insurance Law §3420(a), privity of contract must exist between parties to a dispute under an insurance policy).

25. Accordingly, the plaintiffs' naming of The Travelers Companies, Inc. as a non-diverse defendant constitutes "fraudulent joinder," and this entity should not be considered in determining this Court's diversity jurisdiction under 28 U.S.C. §1332(a).

### Timeliness of Removal

26. This notice is timely because the defendants have filed it within thirty days. *See* 28 U.S.C. §1446(b).

**Attachment of Documents**

27. The defendants have attached all process, pleadings, and orders served on it in the State-Court Action. *Id*. §1446(b).

**Written Notice to Plaintiffs and Filing in State Court**

28. A copy of the written notice required by 28 U.S.C. §1446(d), addressed to the plaintiffs and the Oneida County Clerk is attached as **Exhibit C.** The defendants will promptly file this notice in the Oneida County Clerk's Office and serve it on the plaintiffs' counsel.

Dated:  October 28, 2022  **BARCLAY DAMON LLP**

 /s/ *Nicholas R. Constantino*
Nicholas R. Constantino
Kevin D. Szczepanski (pending N.D.N.Y. readmission)
*Attorneys for Defendants*
Office and Post Office Address
125 East Jefferson Street
Syracuse, New York 13202
Telephone (315) 877-6456
Email: nconstantino@barclaydamon.com
         kszczepanski@barclaydamon.com

25372134.1